UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFICORP HOLDINGS, INC.,
PACIFICORP, and SUBSIDIARIES,

      Plaintiffs,                                   Civil No. 05-591-PK

UNITED STATES OF AMERICA,                  ORDER

      Defendant.

HAGGERTY, Chief Judge:

Magistrate Judge Papak issued a Findings and Recommendation [74] in this action, recommending that the defendant's Motion for Summary Judgment [35] should be denied. Defendant filed objections to the Findings and Recommendation and the matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1 -- ORDER

The objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire Record. Magistrate Judge Papak provided a thorough analysis of the facts and circumstances presented, and this analysis need not be repeated here.

Defendant's objections assert that its position, which the Findings and Recommendation rejected, sought "the adoption of an evidentiary standard upon which rational, objective analysis of the undisputed facts in this case can be built and sustained." Obj. at 2. Instead, defendant contends, the Findings and Recommendation "articulates a standard best described as an unworkable hybrid of the parties' competing propositions, and one which necessarily allows the objective facts to be subsumed by the subjective, speculative testimony of Plaintiffs' fact witnesses." *Id*. Defendant also contends that the undisputed facts give rise to only one reasonable inference and that its summary judgment motion should have been granted. Relatedly, defendant objects to several factual findings made by the Findings and Recommendation. These objections are overruled.

Defendant first argues that the Findings and Recommendation is in error because it sets and relies upon an "unworkable" evidentiary standard. This objection arises from defendant's strategy in support of its summary judgment motion of attacking plaintiffs' introduction of evidence that suggested that genuine issues of material fact should preclude summary judgment. Contrary to defendant's representations, however, a fair reading of the Findings and Recommendation reveals no proposed substantive rulings on defendant's evidentiary objections. Instead, the Findings and Recommendation reasoned as follows:

> "Save in those instances where the statute itself turns on intent, a matter so real as taxation must depend on objective realities, not on the varying subjective beliefs of individual taxpayers." *Lynch v. C.I.R.*, 273 F.2d 867, 872 (2d Cir. 1959), cited in *MacRae v. Commissioner*, 294 F.2d 56, 59 (9th Cir. 1961). In determining whether the alleged contingency is remote, the court will consider witnesses' opinions to the extent that they are necessary to explain actual facts and historical events and are objectively supported or grounded in undisputed objective fact. The court will not take into consideration whether any of the parties or witnesses subjectively believed that the Spring Creek/UFI contract would not support payment on the Spring Creek Note.

Findings and Recommendation 12-13.

To determine whether a contingency was remote, the Findings and Recommendation acknowledged it would consider "events subsequent to the issue date of the Spring Creek Note only to the extent that they were (1) reasonably foreseeable as of the issue date and (2) establish that an expectation at the issue date was entertained and that the expectation was reasonable and intelligent." Findings and Recommendation at 14.

The Findings and Recommendation proceeded to identify eight "undisputed material facts" presented by defendant as grounds for determining as a matter of law that the contingency at issue was remote. Findings and Recommendation at 14-15.

After examining those factual assertions, and drawing all reasonable inferences in favor of plaintiffs, the non-moving party, the Findings and Recommendation concluded that summary judgment should be denied because "the facts indicated by the United States give rise to more than one reasonable inference." Findings and Recommendation at 16 (footnote omitted).

Because of this conclusion, the Findings and Recommendation expressly chose to leave plaintiffs' "additional material undisputed facts" unaddressed and elected not to resort to

evaluating expert opinion "at this stage in the proceedings." Findings and Recommendation at 16 n.5.

Defendant's first objection asserts that the Findings and Recommendation "improperly suggests . . . that subjective and speculation evidence can be considered" when evaluating whether a contingency is remote. Obj. at 3. The sound reasoning provided for recommending that defendant's summary judgment motion be denied did not incorporate "subjective and speculation evidence," and this objection is overruled as it pertains to the Findings and Recommendation's conclusions.

The Objections next delve into a protracted discussion about the extent to which the parties' future expectations should be considered. This discussion is a reaction to reasoning presented in the Findings and Recommendation:

> Historical events are only one part of the equation. In deciding whether to enter into the Spring Creek Note, the parties had to consider likely future events. Those future expectations must be considered in determining whether a contingency was remote. Purely subjective speculation, however, will not be considered. The parties' claimed future expectations must have some reasonable grounding in the actual events and conditions that existed at the issue date of the Spring Creek Note.

Findings and Recommendation at 13.

Defendant acknowledges being in agreement with the Findings and Recommendation that "purely subjective speculation should not be considered." Dfts. Obj. at 6. Defendant warns, however, that the court "should make its own determination as to whether certain events were likely to occur based on the objective, undisputed facts, as opposed to a party's subjective expectations in this regard," and that the "expectations that Plaintiffs held as of the issue date,

however, constitute pure argument and should not be endorsed as evidence" and that "any probative value they might have is substantially outweighed by the unfair prejudice that would result if the Court accept those expectations as valid without its own inquiry, in contravention of Fed. R. Evid. 403." *Id*.

This court notes defendant's concurrence with the Findings and Recommendation that purely subjective speculation should not be considered, but overrules this objection to the extent that it is presented as a challenge to the Findings and Recommendation's conclusion that the summary judgment motion should be denied.

Defendant's next objection asserts that the Findings and Recommendation "fails to adequately explain the extent to which the Court may consider events after the issue date of the Spring Creek Note for purposes of its analysis." This objection, like the others addressed above, is most fairly construed as a challenge to how evidence that will be presented to the factfinder should be treated. Defendant fails to articulate a connection between its concerns regarding how evidence might be construed in future deliberations and the propriety of the Findings and Recommendation's single conclusion that defendant's summary judgment motion lacked merit. Accordingly, this objection is overruled, and this court will refrain from engaging in further speculation as to the admissibility, weight and consideration of evidence to be presented in this matter.

Defendant's next objection is that the Findings and Recommendation "further erred by not providing a recommendation as to the proper time period to use when determining whether a particular contingency is remote." For the reasons provided above, this concern is overruled as a reason for questioning the propriety of the Findings and Recommendation's single conclusion

that defendant's summary judgment motion lacked merit. Again, this court will refrain from engaging in further speculation as to the weight and consideration of evidence to be presented in this matter.

Defendant also levels a direct objection to the Findings and Recommendation's conclusion that summary judgment should be denied. The core of the Findings and Recommendation was that summary judgment should not be granted because after examining defendant's presentation of eight undisputed facts, a genuine issue of material fact remained. Findings and Recommendation at 16.

Specifically:

> a reasonable inference to be drawn from the facts set forth [by defendant] is that renegotiation, relitigation, and administrative action were all more than remote possibilities in 1993 when the Spring Creek Note was issued. For example, the fact that the Spring Creek-UFI contract had been renegotiated and amended four times between 1984-97 gives rise to a reasonable inference that the parties were amenable to revisiting the contract and amending it yet again. Because the material undisputed facts are subject to more than one reasonable inference, the United States' Motion for Summary Judgment should be denied.

*Id*.

Defendant acknowledges this conclusion, but contends that the Findings and Recommendation "provides no basis for a finding that any such action could be *reasonably* drawn from the facts set forth by the United States." Obj. at 10 (emphasis in original).

Defendant's objection that the Findings and Recommendation's conclusion is unreasonable is overruled. Although defendant complains that the Findings and Recommendation "based its conclusion on one isolated fact (*i.e.*, prior litigation, renegotiation,

and administrative action) and gave no consideration or weight to the other undisputed facts," this argument misstates the Findings and Recommendation and mischaracterizes its reasoning. *Id.*

As explained in the Findings and Recommendation, the court examined defendant's presentation of eight undisputed facts, and found that a genuine issue of material fact remained that precluded summary judgment. Defendant's subsequent assertion that the "United States submits that the only reasonable inference to be drawn from the totality of the evidence before the Court is that the contingency was remote" fails to make that so, and fails to present grounds for concluding that the Findings and Recommendation was unreasonable.

Finally, defendant objects that the Findings and Recommendation erred in two factual findings. First, defendant complains that the Findings and Recommendation referenced a factual assertion by plaintiff that "Chase Manhattan chose not to assist Kennecott in pricing the contract and ceased advising Kennecott on the sale." Findings and Recommendation at 7. Defendant objects to this because defendant had lodged an evidentiary objection to this assertion. This objection is overruled, with leave granted to defendant to renew at further proceedings.

Second, defendant complains that the Findings and Recommendation misstated that "both parties submitted expert testimony" in a footnote. Findings and Recommendation at 16 n.5. Defendant asserts that it presented no expert testimony, and reiterates its contention that expert testimony is unnecessary. Because the Findings and Recommendation referenced expert testimony only so far as to express a conclusion that "expert testimony is not necessary at this stage of the proceedings," the precise position advanced by defendant, this objection is overruled as moot.

**CONCLUSION**

Defendant's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Objections [75] are overruled. The Findings and Recommendation [74] is sound and persuasive, and is adopted in its entirety. Defendant's Motion for Summary Judgment [35] is denied.

IT IS SO ORDERED.

DATED this __15th__ day of October, 2007.

                                                                 /s/ Ancer L. Haggerty
                                                                    Ancer L. Haggerty
                                                     United States District Judge